FILED
2019 Feb-25 PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

In THE UNITED STATES DISTRICT COURT

Timothy Dempsey,
    Petitioner,

V.                                              Case No. _____

Warden Toney Deborah,
        Deborah Toney,
    Respondent,

_____

## Attachment To Federal Habeas Corpus

_____

Ground (A). When the State failed to disclose and or
    produce any information within possession of
    any attorney or agent in the prosecutor's
    office it violated it's duty to disclose and
    the Court order of July 23, 2008. "( See Giglio v.
    United States, 405 U.S. 150 (1972), and any
    known information within possession and/or
    control of cooperating law enforcement personel.
    See: United States v. Brooks, 966 F.2d 1500
    (Dc. Cir. 1992).
        The prosecutors also violated Rule 16 Ala. R.
    Crim. P. (

(1)

Ground (B). The petitioner's record on appeal CR13-0251, does not contain any District Court records Non transcripts.

This is an incomplete record on Appeal and a silent record.

"Where the record is silent on appeal, it will be presumed that what ought to be done was not only done, but rightly done." *Owens V. State*, 597 So.2d 734, 736 (Ala. Crim. App. 1992), quoting *Jolly V. State*, 405 So.2d 76, 77 (Ala. Crim. App. 1981)."

* Please apply the above ground of record being silent to all other grounds of silent record previously raised.

Ground (c) Trial counsel's failure to object with specific grounds are not listed in the transcripts of trial.
Trial Counsels failure to ensure his objections were

Trial Counsel and appellate counsel

* Petitioner is out of paper or would have rewritten this page.

(2)

Ground (c) Petitioner could not raise all his claims
for ineffective assistance of counsel, due
to the record on appeal took over 1year
and seven months to complete.

ALABAMA Rules of Appellate procedure
require Motion for new trial to be filed
within 30 days. Ala. R. App. P. 24.
Therefore, the "Motion" itself was not
able to be completed with specific grounds
nor all grounds.

This violated petitioner's 14th amend. of
the U.S. Const. to recieve due process of
Law.


Ground (d) Trial Counsel failed to request Jury instruction
on lesser included offenses. Alibi instruction
nor what facts convictions were based
upon.

This is a Batson Claim?

In Mckinney v. State, 654 So. 2d 95, 99
(Ala. Crim. App. 1995) (quoting Buice v. State,
574 So. 2d 55, 57 (Ala. Crim. App. 1990)).

Ground (E) Petitioner grounds may not meet
the "specific facts" and or with the
specifity required.

---

Petitioner requests written notice from this
Honorable Court in this event.
Petitioner shows "specific facts" pled in a pro-se
complaint must be considered in opposition to
summary judgement. See Caldwell V. Warden,
FCI Talladega, 748 F.3d 1090,1098 (11th Cir.
2014) (citing Perry V. Thompson, 786 F.2d
1093, 1095 (11th Cir. 1986).
   Hughes V. Rowe, 449 U.S. 5,9 (1980), ...because
the plaintiff is pro-se, the court must construe
the complaint more liberally than it would
pleadings drafted by lawyers.
   Pro-se pleadings are held to a less stringent
standard than pleadings drafted by attorneys
and will, therefore, be liberally construed."
Boxerr V. Harris, 437 F.3d 1107, 1110 (11th Cir.
2006).

Ground (F) Petitioner's Court Reporters Act,
claims under 28 U.S.C.A. § 753(b)
may lack spec specificity.

(4)

Petitioner Shows that in Ex parte God bolt, 546 So. 2d 991 (Ala. 1987), that "[T]he Fifth Circuit Court of Appeals recognized in the cases that there are times when reversible error should be presumed when a court reporter fails to comply with the Court Reporter Act, 28 U.S.C.A. § 753(b).

Hardy V. United States, 375 U.S. 277, [66 So. 3d 299] 84 S. Ct. 424, 11 L.Ed. 2d 331 (1964)... appellant must show that failure to record... prejudices his appeal.

"Key fact" for petitioner's claims/grounds on an incomplete transcript of All proceedings is "Petitioner's Appellate Counsel Was Not The Same as Trial Counsel".

United States V. Vasquez, 234 Fed Appx. 310 [2] "When as here, a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or [734 Fed. Appx. 313] error, is sufficient to mandate reversal".

(5)

Petitioner cites in part, "Failure to record Voir
dire examination of prospective jurors
requires reversal of conviction... harmless error.
_Parrott V. United States_, (1963, CA 10 okla) 314
F. 2d 46.

Failure of court reporter to transcribe entire
proceedings of Condemnation trial Constituted
reversable error. _Calhoun V. United States_,
(1967, CA 5 Miss) 384 F.2d 180, 11 FR Serv.
2d 1498.

Ground (G)   The Grand Jury Foreman, _did Not_
_return any of the "eight indictments"_
_"in open court" and file them with_
_"eleven members" of the Grand Jury._

The STATE OF ALABAMA, Violated Rule 12.8 (b)
Ala. R.Cr.P. This violated petitioners 14th amend.
right to the U.S. Const., to recieve due process
of law.
   Rule 12.8 (h) Return of Indictment-"When
an indictment is found, it _MUST_ be endorsed
"A True Bill", and the indictment _MUST_ be

(6)

Ala. Statute § 12-16-204, Ala. Code 1975, was
violated by the State. The petitioner nor
counsel was present in court for the
return of any single and or eight indictments.
The record is silent and wrong on the
record of appeal, as there is no transcript
of the proceeding.
*¹ Statute § 12-16-204, states "The indictment
shall be returned and filed in open court
by the foreman in the presence of at least
eleven (11) other members of the grand jury.
Petitioners Record on Appeal has eight
copies of unsigned indictments by the
grand jury foreman. "With wrong bail amounts
that were changed in 2010."
Original indictments were in 2008.
This is evidence of forged documents, in
CR 13-0251, CC08 590, 591, 592, 593, 594, 595,
596, 597.

Failure of strict compliance with 28 U.S.C.S.
§ 753(b) requiring court reporter to be present
at all proceedings in criminal cases had
in open court and to report such proceedings
and file his transcript will result in unnessary
post conviction hearings to determine what

(7)

was done when most accurate record transcript of what actually took place ... MUST be stricken and defendant afforded rights to plead anew where there was no record of proceedings at which plea was accepted. Herron V. United States, (1975, CA 4 NC) 512 F. 2d 439.

When criminal defendant is represented on appeal by counsel other than attorney at trial, absence of substantial and significant portion of record required by 28 U.S.C.S. 753 (b) is sufficient to mandate reversal, even absent any showing of specific predjudice or error... New appellate counsel is foreclosed from examining for possible error, substantial and crucial portion of trial renders illusory appellant's right to appeal and appellant is under no burden to show specific predjudice. United States V. Selva, (1977, CA 5 FLA) 559 F. 2d 1303 (critized in Gov't of the V.I. v. Weatherwax (1993, DC VI) 1993 U.S. Dist. Lexis 21412) and (critized in United States V. Brand, (1996, CA 1 Puerto Rico) 80 F. 3d 560)...

This also violates petitioners 6th amend. right to appellate counsel that is effective, Court

(8)

of Criminal Appeals, illegally authorized his
withdraw.

   Court of Criminal Appeals, Clerk, accepted
the incomplete record on appeal and then
verified it to the ALABAMA SUPREME
COURT, as true and complete.

Ground (H)   Petitioner has raised all grounds and or claims under his 14th amend. right to recieve due process of the law be ing violated under the U.S. Const. And some as a Sixth amend. right violation under the U.S. Const.
* That is Now still suffering a Sixth amend. U.S. Constitional right to Counsel at a critical stage.

Petitioner's constitutional violations that occured in trial [ and pretrial ] and on Direct appeal, are not harmless error. Criminal acts occurred in pretrial hearing(s), District Court violations under 18 USCS 241 and 242, pre trial Motion hearings, arraignment procedure, and finally trial proceedings. These acts are criminal in Nature and went on all the way through his appellate procedures.
 They have caused him to be "Kidnapped" through a judical proceeding that turned into a crime scene.
 Petitioner is of Now still Kidnapped and is illegally restrained of his liberty, in violation of the Fourteenth amend. of the U.S. Const.

*[1]

"Chapman v. California, 386 US 18, 17 LEd 2d 705, 87 S Ct. 824 <* pg. 378> (1967), established the federal nature of the harmless-error standard to be applied when Constitutional rights are at stake.

Such rights, we stated, are rooted in the Bill of Rights, offered and championed in the Congress by James Madison, who told the Congress that the 'independent' federal Courts would be the 'guardians' of those rights."

Id., at 21, 17 LEd 2d 705, 87 S. Ct. 824 (footnote omitted).

Under Chapman, federal law requires reversal of a state conviction involving a constitutional violation that is not harmless beyond a reasonable doubt. A defendant whose conviction has been upheld despite the occurrence of such a violation certainly is "in custody in violation of the Constitution or laws... of the United States," 28 USC § 2254(a) [28 USCS § 2254(a)], and therefore entitled to habeas relief.

*[1] James Madison's statement - "Federal Courts are guardians"

(11)

Ground (I)   Court of Criminal Appeals and
JEFFERSON County Circuit Court,
Violated Petitioner's right to
a fast and fair [timeline] to
have his Record on appeal Completed.
A Fourteenth Amend. right
Violation of the U.S. Const.

Petitioner's record on appeal, CR 13-0251, took
over 1 year and 7 months to complete.
This not only Violated his Motion For New
Trial Hearing [held 1 year later], but had
his sit in prison 1 extra year and 7 months
before he could even prepare for his direct
appeal. "Petitioner illegally, unlawfully, and
wrongfully convicted, kidnapped by delay to
access to any court.

This 1 year and Seven Months delay Violated
Ala. R. App. P., Rule 11(c) ... but no more than
a total of four (4) such extentions shall be granted
by the trial court ... and in no event shall an
extention be granted to a date later than 84
days( 12 weeks from the filing of the notice
of appeal.
Nettles V. Nettles, 283 Ala. 457, 218 So. 2d
269, 1969, Ala. Lexis 1216 (1969)
(12)

"_The Court has no authority to read an extra day into the rule; being one day late is the same as being to late._"

Rule 1.2 Ala. R. Cr. P., was violated from (trial to) direct appeal notice and record on appeal Completion.

"The rules are intended to provide for the just and speedy determination of every Criminal proceeding. They _Shall_ be construed to secure Simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."
See: CR 13-0251, Records   —   "From Court"
See: CC08-590 thru 597, records - "From Court"

Ground (J)   Petitioner's convictions and sentences are unauthorized by law and are a _Jurisdictional Claim_.

Petitioner's Federal Habeas Corpus, proves through previous grounds that once this Honorable Court reviews them and rules upon them.

(13)

Petitioner Shows under ALABAMA law, "Matters concerning unauthorized sentences are jurisdictional," Hunt V. State, 659 So. 2d 998, 999 (Ala. Crim. App. 1994). Ferguson V. State, 565 So. 2d 1172, 1173 (Ala. Crim. App. 1990).

The false evidence, perjury, statute violations, rule violations, alibi, incomplete record, denial of Counsel at a critical Stage [now], 5th amend. double jeopardy claim, criminal acts [State and Federal]. Prove that he is illegally imprisoned and sentences and convictions are mandated to be reversed. Hence are jurisdictional and are timeless to be raised by petitioner.

Furthermore, petitioner is not required to reraise issues previously decided by the State's highest court.

Respectfully Submitted on this the 21st, day of February, 2019.

Timothy Dempsey
Petitioner
565 Bibb Lane
Brent, Al 35034

(14)